Tim RILEY and Gary Garland *v.* The CITY OF CORNING and Mayor E.W. Cochran

87-266                                                          743 S.W.2d 820

Supreme Court of Arkansas
Opinion delivered February 8, 1988

*Gary Day Garland*, for appellant.

*Winston Bryant* and *David H. White*, for appellee City of Corning.

*Knauts & Cole*, by: *C.W. Knauts*, for appellee-intervenors City of Piggott and City of Rector.

DAVID NEWBERN, Justice. Appellant Tim Riley was convicted upon a plea of nolo contendere in Corning Municipal Court of driving while intoxicated. Thereafter, he and his attorney, appellant Gary Day Garland, sought a declaratory judgment declaring Act 332 of 1969, by which the Corning Municipal Court was created, unconstitutional because it constituted "local legislation" in violation of Ark. Const. art. 14. Garland's claim to standing as a plaintiff in the action was that he had been refused a position on the ballot in a municipal judgeship election because the county election commission found he did not meet the requirements of Act 332. The municipal courts of Piggott and Rector which were created by the same act intervened on the side of the appellee City of Corning. The circuit court held that neither of the plaintiffs had presented a justiciable controversy suitable for declaratory judgment. We find the result reached was correct, thus the dismissal is affirmed.

### 1. Riley's claim

The circuit court's order stated that Riley had appealed his conviction from municipal court to the circuit court. However, the reason given by the circuit judge for dismissing Riley's action for declaratory judgment was that the issue was moot because there is no statutory provision for appealing a conviction based upon a nolo contendere plea from municipal to circuit court. We need not delve into the questions of logic presented by the judge's finding and ruling. Riley has argued that a plea of nolo contendere is like a plea of guilty in many respects, including procedural. Thus, it is contended that a conviction upon such a plea is appealable pursuant to Ark. Code Ann. § 16-96-501 (1987) as would be a conviction following a guilty plea.

We agree with appellant Riley that such a conviction is appealable. We said as much, although by obiter dictum, in *Ex*

*Parte Hornsby*, 228 Ark. 975, 311 S.W.2d 529 (1958). There an appellant who had pleaded nolo contendere sought habeas corpus. In denying relief, we said the writ was not a substitute for appeal which was the petitioner's remedy. In the case before us now, the circuit court found that there was an appeal pending in the circuit court from the municipal court conviction. Assuming the appeal has been properly perfected, the question of the constitutionality of Act 332 may be raised in the appeal. A declaratory judgment action will not lie when the issues it seeks to raise are pending in another case. *Mid-State Construction Co.* v. *Means*, 245 Ark. 691, 434 S.W.2d 292 (1968); *City of Cabot* v. *Morgan*, 228 Ark. 1084, 312 S.W.2d 333 (1958).

In *Lawson* v. *City of Mammoth Spring*, 287 Ark. 12, 696 S.W.2d 712 (1985), cited by the appellants, we treated as a declaratory judgment action a complaint seeking a holding that a municipal court had been unconstitutionally created. The action was brought by one who had been convicted by the court in question. However, in that case no appeal from the conviction had been taken to the circuit court. Thus, unlike this case, there was no pending action capable of disposing of the issues sought to be litigated by declaratory judgment.

In his reply brief, Riley states he suggested that the circuit court consolidate his appeal and the declaratory judgment action, and rule on the request for declaratory judgment "prior to reaching the DWI case on its merits, most likely in the form of a Motion to Dismiss based on the constitutional question raised in the Municipal Court." That constitutional question is the same one raised in the declaratory judgment action. It is thus clear that the appeal was to be based on the same issue raised in the declaratory judgment action and that the declaratory judgment action was thus improper. Although the trial court stated a different reason for his ruling, we affirm if the result is correct. *Liggett* v. *Church of Nazarene*, 291 Ark. 298, 724 S.W.2d 170 (1987), *Moose* v. *Gregory*, 267 Ark. 86, 590 S.W.2d 662 (1979).

## 2. Garland's claim

Appellant Garland challenges Act 332 of 1969 on the basis that he was denied a position on the ballot in an election held to fill the office created by that act. The act requires that laws pertaining to county and state elections apply, and he was thus

required to obtain more signatures to become an independent candidate than if he had been a candidate for municipal office as provided in the general election laws for municipal offices. The circuit court's order states as a finding that the Clay County Election Commission denied appellant Garland a position on the ballot because he had failed to comply with Arkansas law setting the number of signatures necessary to validate a petition to place an independent candidate on the ballot.

The court found that Mr. Garland had other remedies he could have pursued under the Arkansas election laws to challenge the failure to include his name on the ballot, and that he pursued none of them. One such procedure is provided in Ark. Code Ann. §§ 7-5-801 through 7-5-809 (1987). Section 7-5-801(a) confers the right on any candidate to "contest the certification of nomination . . . made by the appropriate public officials in any election." Section 7-5-801(d) requires that any such contest be brought within twenty days of the certification complained of. Thus, the question comes down to whether a person who is aggrieved by a statute he considers to be unconstitutional may challenge it by declaratory judgment in lieu of special statutory procedures designed to determine the issue in the election contest which is the context.

Appellant Garland relies on, among other cases, *Searcy County* v. *Stephenson*, 244 Ark. 54, 424 S.W.2d 369 (1968). In that case a person who was an independent candidate for sheriff was required to pay a $1500 election filing fee because a statute required that an independent candidate pay a fee equal to the largest charged by a political party for filing for the office in question. Stephenson paid the fee, lost the race, and then brought an action for a refund in the county court. The county court allowed the claim, and that decision was appealed to the circuit court where Stephenson contended the statute was unconstitutional. The circuit court agreed with him. We reversed, by-passing the constitutional question and pointing out that no complaint had been raised until after the election. We noted that Stephenson could have pursued either of two pre-election remedies. He could have sought a writ of mandamus to have his name placed on the ballot, or he could have sought a declaratory judgment, and thus the validity of the law in question could have been determined before he paid the fee.

Appellant Garland could have ascertained the constitutionality of Act 332 in the same way. Instead, as Stephenson, he waited until after the election to pursue his remedy. While seeking a declaratory judgment to declare Act 332 unconstitutional might have been proper before the election, to allow it afterward by one whose interest is that of a spurned candidate would effectively subvert the election contest laws cited above.

## *Conclusion*

Both of these appellants are unable to bring the declaratory judgment action due to their particular statuses: Riley because he is a defendant in a criminal case in which an appeal is pending, where the same issue as in the declaratory judgment action is to be raised, and Garland because the interest he claims to give him standing to seek a declaratory judgment is one he was required to pursue in another manner.

Affirmed.