Freddie Thomas ALLRED *v.* STATE of Arkansas

CR 92-597                                         837 S.W.2d 469

Supreme Court of Arkansas
Opinion delivered September 28, 1992

*Matthews, Campbell, and Rhoads, P.A.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Freddie Thomas Allred, the appellant, was charged in the Municipal Court of Prairie Grove with D.W.I., failure to register, and endangering the welfare of a minor. On December 5, 1990, as the result of a plea negotiation, Allred pleaded guilty. He was fined $500, charged $335.50 costs, ordered to be confined for 11 days in the Washington County Jail

and to attend the Ozark Guidance Center, and his vehicle operator's license was suspended for 90 days. The jail time was suspended on condition of no similar occurrences within a year. He attempted to appeal to the Circuit Court which found his appeal to be untimely and dismissed it. We find no error and affirm.

On December 13, 1990, Allred gave notice of his intent to appeal. For reasons not explained in the record, the appeal transcript was not filed in the Circuit Court until March 27, 1991, more than 90 days after the date indicated in the municipal docket as the date notice of appeal was given.

No further action in this matter occurred until February 20, 1992, when the parties appeared in the Circuit Court on the prosecution's motion to dismiss the appeal as untimely. Allred argued the merits of his challenge, i.e., that there was error in the manner of acceptance of his guilty plea and that he had a right to appeal. The prosecution argued that the appeal should be dismissed as untimely.

The Circuit Court found that the appeal was untimely and dismissed the matter. On February 24, 1992, Allred moved for a new trial and requested a hearing. The Circuit Court did not rule on this motion. On March 19, 1992, Allred filed a notice of appeal from the decision of the Circuit Court dismissing his appeal. Finally on April 15, 1992 an order dismissing the appeal was entered and on April 23, 1992, Allred filed a new and final notice of appeal.

Allred now argues that the Court erred by not hearing the belated Municipal Court appeal and erred in not granting a hearing on his motion for a new trial because our rules of criminal procedure require that the Court grant a hearing if one is requested.

## 1. Timeliness

A conviction upon a guilty plea is appealable from a municipal court pursuant to Ark. Code Ann. § 16-96-501 (1987). *Riley* v. *City of Corning*, 294 Ark. 480, 743 S.W.2d 820 (1988). In *Bocksnick* v. *City of London*, 308 Ark. 599, 825 S.W.2d 267 (1992), we concluded that Rule 9(a) of the Inferior Court Rules controls the procedure for such an appeal. It provides:

> All appeals in civil cases from inferior courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment.

We held the Rule applies to criminal appeals as well as civil case appeals.

■ Just as in the *Bocksnick* case, Inferior Court Rule 9 (a) is wholly dispositive of the issue before us. Judgment was entered by the municipal judge by docket entry, and no appeal was perfected within 30 days. There was no jurisdiction in the circuit court to hear the appeal as it was untimely, and thus there was no jurisdiction to grant a "new trial." A hearing on that motion would have been superfluous.

## 2. Belated appeal

Allred argues that this Court should reverse the dismissal by the Trial Court based on the concurring opinion in *Edwards* v. *City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989). There, it was held that the Circuit Court lacked authority to grant belated municipal court appeals pursuant to Ark. R. Crim. P. 36.9. The concurring opinion agreed with the majority but concurred to state that circuit courts *should* have the authority to grant belated appeals of municipal court decisions just as this Court may grant belated appeals of circuit court decisions. It was also noted that it is practicable for this Court to apply Rule 36.9 to appeals of municipal court proceedings.

■ Nothing in the *Edwards* decision, neither the majority nor the concurring opinion, supports the relief sought by Allred, i.e., reversal due to error in the Circuit Court's holding that the appeal was untimely.

Affirmed.