The Honorable Henry Morgan Prosecuting Attorney Ninth Judicial District-East 201 North 10th Street Arkadelphia, Arkansas 71923
Dear Mr. Morgan:
This is in response to your request for an opinion regarding how fines assessed by a circuit court on a de novo appeal from municipal court should be disbursed between the county and municipality and which of these entities should be responsible for payment of the cost of incarceration if the circuit court imposes a jail sentence. In your correspondence, you note that this request arises as the result of the prosecution of a person in Pike County for a violation of a state law within the City of Glenwood. You note that the arresting officer was a city policeman, and that the defendant, who was convicted of the violation in municipal court, appealed de novo to the circuit court. You also state that the circuit court assessed a fine in the case. With regard to these facts, you have inquired as to how the fines assessed by the circuit court should be disbursed and who should pay for the cost of incarcerating the defendant if there is an assessment of jail time.
It is my understanding that the defendant referred to in your request was also fined in municipal court. Apart from appeal, the disbursement of fines, penalties, forfeitures, fees, and costs collected in the municipal court is governed by A.C.A.16-17-707 (Repl. 1994). As noted in Attorney General Opinion91-350 (copy enclosed) with regard to this provision of the Code, the disposition of fine proceeds will depend upon who the arresting officer was and where the offense occurred. The following language from Opinion 91-350 explains the general disbursement scheme:
 . . . the city is thus to retain all fine proceeds assessed for (A) violations of city ordinances, (B) violations of state law where the violation occurs within corporate limits of the city and the arresting officer is an officer of the city or is a state police officer. Fine proceeds are to be paid by the city over to the county where the municipal court assesses the fine for (A) a violation of a state law and the arresting officer is not an officer of the city, or (B) where the violation occurs outside the corporate limits of the city and the arrest is made by a state police officer.
Op. Att'y Gen. No. 91-350 at 3. Thus, absent an appeal in the case referenced in your request, the City of Glenwood would retain all proceeds from the fines assessed by the municipal court since the violation of state law occurred within the corporate limits of Glenwood and the arresting officer was a Glenwood Police Officer.
As stated in Op. Att'y Gen. No. 91-350, in those cases where a defendant appeals his conviction from municipal court to circuit court (as occurred in the case you describe), the procedures set forth in A.C.A. 16-96-501 to -510 must be followed.[1] As also stated in that opinion, for those cases that are affirmed by the circuit court on appeal from municipal court, the proper disposition of the fine proceeds is set out in A.C.A. 16-96-403 (1987) which provides:
 The fines, penalties, forfeitures, and costs imposed by the circuit court for the violation of municipal ordinances and bylaws, in cases appealed from the police or municipal courts of cities of the first class, shall be collected and disbursed by the sheriff in the following manner:
 (1) The penalty imposed for the violation of the city ordinance or by law shall be immediately paid to the city collector or recorder of the city whose ordinance or bylaw was violated, for city purposes;
 (2) The police or municipal court costs shall be retaxed in the circuit court and shall be paid immediately to the city collector or recorder for city purposes;
 (3) The costs taxed for the trial in the circuit court shall be paid to the county treasurer for county purposes. [Emphasis added.]
In your correspondence, you state that the defendant in question was convicted of a "state law." You do not, however, indicate whether the defendant's conduct for which he was convicted would also constitute a violation of a Glenwood City Ordinance. If the latter is the case, it is my opinion, in accordance with the statute set forth above, that after affirmance on appeal the circuit clerk would retax the defendant for those court costs assessed in municipal court, and the county would also collect from the defendant any fine assessed in municipal court. These sums would be paid over to the City of Glenwood. Those court costs which are assessed by the circuit court for the appeal would be collected by the circuit clerk and paid to the county treasurer.
If, however, the defendant in question is convicted of a state law which does not represent a violation of a municipal ordinance as well (a question that does not appear to have been addressed in Op. Att'y Gen. No. 91-350), A.C.A. 16-96-403
would not appear to govern the disposition of the fines assessed by a circuit court on an appeal from municipal court. In fact, there appear to be no statutes which directly address this situation, thus perhaps suggesting the need for future legislative clarification. It is arguable that the disbursement scheme in these instances should be the same as described above where the defendant is convicted of a violation of a municipal ordinance since, absent an appeal, cities retain fine proceeds assessed for violations of state law occurring within the corporate limits of the city where the arresting officer is an officer of the city. See A.C.A. 16-17-707 (as discussed above). Additionally, such an argument might be strengthened by A.C.A. 16-96-507, which states:
 Upon the appeal [from municipal court to circuit court], the case shall be tried anew as if no judgment had been rendered, and the judgment shall be considered as affirmed if a judgment for any amount is rendered against the defendant, and thereupon he shall be adjudged to pay costs of the appeal.
Since any fines imposed by the circuit court on appeal would constitute an affirmance of the municipal court judgment, one could argue that the fines should be disbursed as if no appeal had been taken (i.e., disbursed to city as described above). Additionally, if the disbursement scheme described above were followed, it should be noted that this does not mean that the county would be completely without compensation; the circuit court would be allowed costs and other charges for the appeal. See generally A.C.A. 16-96-510 (upon an affirmance in circuit court, an attorney's fee of ten percent of the amount of the judgment shall be taxed as part of the costs); 16-96-507 (as set forth above, requiring on affirmance, defendant shall pay costs of the appeal); 21-6-403 (filing fee charged by circuit court for initiation of any new case); and 21-6-402 (fee charged by circuit court for entering each appeal from inferior court). While the foregoing arguments may be persuasive, especially in light of the apparent absence of any authority with respect to the disbursement of fines assessed by a circuit court on a de novo appeal where the defendant has been convicted of a violation of state law (which is not also a violation of a municipal ordinance), it should be emphasized that only the legislature or the judiciary can ultimately resolve this matter. As such, I cannot offer a conclusive answer to your first question.
With respect to your second question, I have enclosed for your review a copy of Op. Att'y Gen. No. 93-174, which addresses A.C.A. 12-41-506, as amended by Act 1290 of 1993, and the responsibility of municipalities with respect to the costs associated with persons sentenced to county jail.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] See however Allred v. State, 310 Ark. 476, 837 S.W.2d 469
(1992) (holding that A.C.A. 16-96-501 is superseded by Arkansas Inferior Court Rule 9, which controls the procedure for an appeal of a conviction upon a guilty plea from a municipal court pursuant to 16-96-501); Bocksnick v. City of London, 308 Ark. 599, 825 S.W.2d 267 (1992) (holding that A.C.A. 16-96-505, which places the responsibility for filing the transcript for inferior court appeals on the court itself, has been superseded by Inferior Court Rule 9).