Chris MARCINKOWSKI d/b/a Marcinkowski Claims Service *v.* AFFIRMATIVE RISK MANAGEMENT CORPORATION

95-339                                                        910 S.W.2d 679

Supreme Court of Arkansas
Opinion delivered December 4, 1995

*Bill Luppen*, for appellant.

*Friday, Eldredge & Clark*, by: *James C. Baker, Jr.*, for appellee.

DAVID NEWBERN, Justice. The issue before us is whether the Pulaski Circuit Court erred in dismissing as untimely an appeal from Little Rock Municipal Court of an order refusing to set aside a default judgment. We hold the appeal should not have been dismissed.

Affirmative Risk Management Corporation (ARM), the appellee, brought a claim against Chris Marcinkowski in Little Rock Municipal Court. Apparently ARM and Mr. Marcinkowski engage in the business of adjusting insurance claims. The action of ARM against Mr. Marcinkowski was for intentional interference with a business expectancy. The complaint alleged that Economy Insurance Company inadvertently notified Mr. Marcinkowski of a claim it intended to have adjusted by ARM and that Mr. Marcinkowski adjusted the claim knowing that it was not intended for him to do so.

The complaint, seeking damages of $3000, was filed August 6, 1993. A default judgment for the full amount sought was entered by the Municipal Court on October 12, 1993, although no hearing was held on damages. On October 21, 1993, Mr. Marcinkowski filed an answer to the claim. On November 12,

1993, he moved to have the default judgment set aside and sought a hearing on the reasons for the late answer and the matter of damages awarded in the amount of "$3,000 when the contract was only a $90.00 job." The motion to set the default judgment aside was denied by the Municipal Court by an order of February 22, 1994.

On March 4, 1994, Mr. Marcinkowski appealed to the Circuit Court the denial of the motion to set aside the default judgment and the refusal of the Municipal Court to hold a hearing on the issue of damages. ARM moved to dismiss the appeal because it was filed more than 30 days from the October 12, 1993 judgment of the Municipal Court. In his brief responding to the motion to dismiss, Mr. Marcinkowski stated:

> A hearing was scheduled on February 17, 1994, on Appellant's motion to set aside the default judgment and for the Appellee to prove his damages. At this hearing the Municipal Court denied Appellant's motion to set aside the default judgment and refused to hear any evidence concerning Appellee's alleged damages. It was from this Order that Appellant now appeals. . . . Appellant's Notice of Appeal from this Order is clearly within the 30 day time limit.

It is clear that Mr. Marcinkowski argued to the Circuit Court that he was appealing from the Municipal Court's refusal to set aside a default judgment rather than appealing from the judgment and that his appeal from the refusal to set aside was timely.

The Circuit Court held a hearing on ARM's motion to dismiss the appeal. In the course of the hearing, the Court remarked that the judgment was "bad" because there had been no hearing on damages, and that such a hearing could have been sought in the Municipal Court. The Circuit Court entered an order dismissing the appeal because of failure to appeal the Municipal Court judgment within 30 days from the date of its entry.

In the final paragraph of his brief before this Court, Mr. Marcinkowski states the following:

> Appellant's motion to set aside the default judgment was pursuant to Rule 55(c)(2) of the Arkansas Rules of Civil Procedure which apply to the municipal Court under Rule

10 of the Inferior Court rules. The Circuit Court was in error when it dismissed Appellant's appeal for being untimely because until February 17, 1994 there was not an appealable order and his Notice of Appeal filed after February was well within the 30 day requirement.

While a part of the argument, including a citation to *Sevenprop Assocs.* v. *Harrison*, 295 Ark. 35, 746 S.W.2d 51 (1988), is to the effect that the Circuit Court's default judgment was not a final order, another part is obviously that the appeal from the refusal to set aside the judgment was timely. The Circuit Court's sole stated basis for dismissing the appeal was its lack of timeliness. In these circumstances we need not be concerned with the argument that the judgment was not a final order because we know the reason for the Circuit Court's action and we have before us Mr. Marcinkowski's concurrent argument that the appeal to the Circuit Court was timely.

██ Rule 9(a) of the Arkansas Inferior Court Rules requires that a judgment of a municipal court be appealed within 30 days from the date of entry of the judgment. *See Allred* v. *State*, 310 Ark. 476, 837 S.W.2d 469 (1992); *Bocksnick* v. *City of London*, 308 Ark. 599, 825 S.W.2d 267 (1992). That rule would control this case if the appeal were from the judgment. It is, however, as noted above, an appeal from the order refusing to set aside the default judgment. None of the Inferior Court Rules applies directly to this situation. Rule 10 provides, "Where applicable and unless otherwise specifically modified herein, the Arkansas Rules of Civil Procedure . . . shall apply to and govern matters of procedure . . . in the inferior courts of this State."

Arkansas R. Civ. P. 55(c) states that, "The court may, upon motion, set aside a default judgment," and it prescribes the bases for doing so, including, "(4) any other reason justifying relief from the operation of the judgment." It requires that the party seeking to set such a judgment aside "demonstrate a meritorious defense to the action" unless the judgment is void, in which case no such defense need be stated. No time limit for moving to set aside a default judgment is prescribed in the rule.

██ Reviews of municipal court decisions in circuit courts are *de novo. State* v. *Roberts*, 321 Ark. 31, 900 S.W.2d 175 (1995); *Casoli* v. *State*, 297 Ark. 491, 763 S.W.2d 650 (1989). We are

tempted to conclude that Mr. Marcinkowski is entitled to no relief because he could have had a complete *de novo* review of his case had he simply appealed from the Municipal Court judgment instead of filing the belated answer and then moving to set the judgment aside. That, however, would be tantamount to holding that a municipal court defendant who has suffered a default judgment may have no review whatever of a municipal court's decision on refusal to set aside a default judgment in response to a Rule 55(c) request.

■ Denial of a motion to set aside a default judgment by a circuit or chancery court is an appealable order. We entertained such appeals, for example, in *Divelbliss* v. *Suchor*, 311 Ark. 8, 841 S.W.2d 600 (1992), and in *May* v. *Bob Hankins Distrib. Co.*, 301 Ark. 494, 785 S.W.2d 23 (1990). We see no reason to deny such appeals from municipal to circuit courts. To do so would be inconsistent with our allowance of such appeals to the Court of Appeals and to this Court from our courts of general jurisdiction, and we can think of no good reason for such an inconsistency.

■ The Circuit Court must entertain a timely appeal from denial by the Municipal Court of a motion to set aside a default judgment. The Circuit Court is to conduct a *de novo* proceeding to determine, in accordance with Ark. R. Civ. P. 55(c) whether relief from the operation of the judgment is justified. If no such relief is justified, the matter is ended. If relief is granted, the case will then be treated as any other *de novo* review of a municipal court judgment.

Reversed and remanded.

DUDLEY, J., not participating.

JESSON, C.J., dissents.

BRADLEY D. JESSON, Chief Justice, dissenting. Because the majority is reversing the trial court's order on a ground not argued on appeal, I must respectfully dissent.

I have no quarrel with the majority's position that a circuit court must entertain a timely appeal from a denial by a municipal court of a motion to set aside a default judgment filed under Ark. R. Civ. P. 55(c). This rule applies to municipal courts through

Rule 10 of the Inferior Court Rules. However, appellant simply does not argue this point for reversal on appeal. He relies instead on *Sevenprop Assoc.* v. *Harrison*, 295 Ark. 35, 746 S.W.2d 51 (1988), in asserting that "[t]he trial court's decision to dismiss [his] appeal because he did not file his notice of appeal within thirty days of the October 12, 1993, default judgment was wrong because the October 12, 1993, default judgment was not a final order at that time and was not ripe for appeal." Appellant's reliance on *Sevenprop* is misplaced. In that case, the appeal was dismissed under Ark. R. App. P. 2 because the issue of damages remained to be tried and the trial court's refusal to set aside the default judgment as to liability was not a final judgment.

The majority fails to address the appellant's only real argument that the October 12, 1993, default judgment was not a final order. That order may have been wrong, but it was final. The majority opinion instead reverses on the basis that the trial court erred in dismissing as untimely an appeal to set aside a default judgment under Rule 55(c).

Appellant's only reference to Rule 55 in his brief in this court is as follows: "Appellant's motion to set aside the default judgment was pursuant to Rule 55(c)(2) of the Arkansas Rules of Civil Procedure which apply to the Municipal Court under Rule 10 of the Inferior Court Rules." Rule 55(c)(2) permits the trial court to set aside a default judgment that is *void*. However, in his motion to set aside the default judgment filed in municipal court on November 12, 1993, appellant requested a hearing "to address reasons as to why an untimely answer was filed as well as to dispute Plaintiff's damages allegedly incurred of $3000.00 when the contract was only for a $90.00 job." Nowhere in that motion did appellant even mention Rule 55, much less Rule 55(c)(2).

Points not argued on appeal are waived. *Sarkco* v. *Edwards*, 252 Ark. 1082, 482 S.W.2d 623 (1972); *Burks Motors* v. *Int'l Harv. Co.*, 250 Ark. 641, 466 S.W.2d 943 (1971). *See also Shockley* v. *State*, 291 Ark. 251, 724 S.W.2d 156 (1987); *Collins* v. *State*, 271 Ark. 825, 611 S.W.2d 182, *cert. denied* 452 U.S. 973 (1981). Under long standing procedure, this court is to consider only arguments raised by the parties, and we are not to consider reversing a trial court for unargued reasons. *Schmidt* v. *McIlroy*

*Bank & Trust*, 306 Ark. 28, 811 S.W.2d 281 (1991). Because the majority's decision today runs afoul of this principle, I must respectfully dissent.