Claude MURDOCK *v.* Charles E. SLATER, Jr.

96-686                                             935 S.W.2d 540

Supreme Court of Arkansas
Opinion delivered December 23, 1996

*Ramsay, Bridgforth, Harrelson & Starling,* by: *John T. Starling,* for appellant.

*Brockman, Norton, & Taylor,* by: *C. Mack Norton,* for appellee.

ANDREE LAYTON ROAF, Justice. This case presents an issue of first impression in Arkansas — whether a defendant who defaults in municipal court has a right to a direct *de novo* appeal to circuit court. Charles E. Slater, Jr., obtained a default judgment against Claude Murdock in the small-claims division of municipal court. Murdock timely filed for a *de novo* appeal to circuit court, where he also filed a belated answer and counterclaim. The circuit court dismissed Murdock's appeal, finding that the failure to timely respond or appear in municipal court constituted a consent or confession of the judgment, from which an appeal would not lie. On appeal, Murdock argues 1) that Ark. Code Ann. § 16-96-507 (1987) entitles him to a direct *de novo* appeal of the default judgment, and 2) that he is entitled to rely on the belated answer and counterclaim he filed in circuit court or, in the alternative, to a hearing in which Slater must prove his damages.

We agree that Murdock is entitled to a *de novo* review, and we reverse and remand.

On April 26, 1995, the appellee, Charles Slater, Jr., filed a complaint in the small claims division of the Pine Bluff Municipal Court against the appellant, Claude Murdock. The complaint alleged that Murdock, a painter, performed an "unacceptable" paint job on Slater's home, that the paint was peeling, and that his kitchen

floor was ruined. Slater claimed damages in the amount of $3,000. Murdock was served with the complaint on April 29, 1995, but did not file an answer or appear in court.

On May 25, 1995, the municipal court entered judgment for Slater in the amount of $3,000 plus court costs. There is no indication in the abstract or record that a hearing was held to determine damages. Murdock filed an appeal with the Jefferson County Circuit Court on June 22, 1995, requesting a trial *de novo*. On June 29, 1995, Murdock filed an answer with the circuit court, raising the affirmative defenses of set-off and comparative fault, and counterclaimed for the contract price of the paint job, $350. Slater responded with a motion to dismiss the appeal and counterclaim.

On February 14, 1996, the circuit court entered an order granting Slater's motion to dismiss the appeal and the counterclaim, finding that Murdock's failure to appear or answer in the municipal court proceeding amounted to a consent or confession of judgment. The order set a hearing in which Slater was to prove his damages. However, an amended order was entered on February 20, 1996, dismissing the appeal and counterclaim in its entirety. Murdock appeals from this order, arguing that he is entitled to a full trial *de novo* in the circuit court, or, in the alternative, that he is entitled to a hearing on the issue of damages.

### 1. De novo *appeal from default judgment.*

Murdock first argues that Ark. Code Ann. § 16-96-507 entitles him to a trial *de novo* in circuit court as a matter of law.

Arkansas Code Annotated § 16-96-507, which governs appeals from municipal court to circuit court, provides that "the case shall be tried anew as if no judgment had been rendered." *See also Whittle* v. *Washington County Circuit Ct.*, 325 Ark. 136, 925 S.W.2d 383 (1996) (appeal to circuit court of a municipal court judgment results in a trial *de novo*). Whether a party has a direct right of appeal to circuit court from the entry of a default judgment has never been squarely addressed by this court. Murdock relies on the plain wording of Ark. Code Ann. § 16-96-507 and on language contained in a recent case decided by this court for his assertion of the right to directly appeal the default judgment to circuit court.

In *Marcinkowski* v. *Affirmative Risk Management Corp.*, 322 Ark. 580, 910 S.W.2d 679 (1995), Marcinkowski failed to answer a

complaint filed against him in municipal court for the intentional interference with a business expectancy. Affirmative Risk Management Corp. was awarded the full amount requested in a default judgment, even though no hearing was held on the issue of damages. Marcinkowski then filed a belated answer and a motion to set aside the default judgment in municipal court, seeking a hearing on the reasons for his failure to file an answer and on the matter of damages. The municipal court denied the motion to set aside the default judgment, from which Marcinkowski appealed to circuit court. The circuit judge dismissed the appeal as untimely, and this court reversed, holding that the appeal from the denial of the motion to set aside the default judgment was timely.

Although *Marcinkowski* did not involve the direct appeal from a default judgment, we stated in dictum that "[w]e are tempted to conclude that [the appellant] is entitled to no relief because *he could have had a complete de novo review of his case* had he simply appealed from the Municipal Court judgment instead of filing the belated answer and then moving to set the judgment aside." *Id.* (emphasis added). We remanded to the circuit court to conduct a *de novo* proceeding under Ark. R. Civ. P. 55(c), in order to determine whether a justification to set aside the default judgment existed, and further explained that "[i]f no such relief is justified, the matter is ended. . . [i]f relief is granted, the case will then be treated as any other *de novo* review of a municipal court judgment." *Id.*

However, Slater contends that *Marcinkowski* is inapplicable to the present case, because Murdock did not move the municipal court to set aside the default judgment, but instead opted for a direct *de novo* appeal to circuit court. Slater further argues that a default judgment is tantamount to a judgment by consent or confession, and is therefore not appealable from municipal court to circuit court. The circuit court based its order dismissing Murdock's case on this argument, and found that Murdock consented to or confessed to "owing the Plaintiff's sum certain" by failing to timely respond or appear in the municipal court. Slater also relies on *Watson v. White*, 217 Ark. 853, 233 S.W.2d 544 (1950), where this court suggested that an appeal cannot be taken from municipal to circuit court from a judgment by consent or confession. However, *Watson* did not involve a defendant who had defaulted, and we further noted that "before a judgment should be treated as one rendered on confession or consent the recitals showing such confes-

sion or consent should be clear and unequivocal." *Id.*

This court has defined a consent judgment as a judgment not reached by the court, but one that is agreed to by the parties and entered by the court. *Selig* v. *Barnett*, 233 Ark. 900, 350 S.W.2d 176 (1961). Clearly, Murdock did not "agree" to the judgment, nor did he make any clear and unequivocal expressions of consent or confession to the judgment by his default. Rather, Murdock simply failed to appear or answer, and his inaction does not give rise to a judgment by consent or confession.

Moreover, entry of judgment by consent in municipal court does not bar a *de novo* appeal to circuit court as the defendant may simply wish to exercise his right to jury trial. *De novo* appeal of inferior court judgments in Arkansas is founded on the Arkansas Constitution, Art. 2, § 7, which provides in part: "The right of trial by jury should remain inviolate, and shall extend to all cases at law, *without regard to the amount in controversy....* " (emphasis added).

In 1987, the legislature enacted the "Municipal Court Civil Jurisdiction Act," 1987 Ark. Acts 431. The act provides that:

> There shall be no jury trials in municipal court. In order that the right of trial by jury remain inviolate, all appeals from judgment in municipal court shall be *de novo* to circuit court.

*Id.* (codified at Ark. Code Ann. § 16-17-703).

Before *Marcinkowski, supra,* this court had rarely been called upon to consider civil appeals from municipal court judgments, undoubtedly because the jurisdictional amount for municipal court claims was only $300 before it was raised to $3,000 in 1987, by Amendment 64 to the Arkansas Constitution. However, we have addressed the right to *de novo* review of such judgments in the context of criminal appeals on a number of occasions.

Prior to 1943, this court had held that there was no right to appeal to circuit court from a guilty plea in a municipal court. *See City of Fayetteville* v. *Bell*, 205 Ark. 672, 170 S.W.2d 666 (1943). In 1945, the General Assembly passed Act 197 of 1945, which clearly expresses the intent that the right to *de novo* appeal from municipal court be absolute:

> Section 2. Hereafter all persons convicted in any municipal, justice of the peace or mayor's court *upon any plea of guilty* in

any misdemeanor case may appeal to the circuit court from such judgment of conviction by following the same procedure prescribed by law for appeals in other misdemeanor cases.

(Emphasis added.)

■ We have interpreted this act, compiled as Ark. Stat. Ann. 44-502, and later codified as Ark. Code Ann. § 16-96-501, as allowing for *de novo* appeals from judgments entered as a result of a guilty plea and a plea of nolo contendere in municipal court. *See Allred v. State*, 310 Ark. 476, 837 S.W.2d 469 (1992)[1]; *Riley v. City of Corning*, 294 Ark. 480, 743 S.W.2d 820 (1988); *Ex parte Hornsby*, 228 Ark. 975, 311 S.W.2d 529 (1958).

■ We thus conclude that Art. 2, § 7, of the Arkansas Constitution which guarantees the right to jury trial, the plain language of Ark. Code Ann. § 16-96-507 which makes no distinction between an appeal from a judgment by default or after trial, and ultimately the nature of *de novo* appeal, mandates reversal in the present case.

### 2. Belated answer and counterclaim.

Murdock essentially argues that his later pleading should be allowed because of the *de novo* nature of appeal to circuit court. He again submits the statement in *Marcinkowski, supra*, that a complete *de novo* review could have been had by directly appealing the municipal court default judgment. Murdock further relies on several criminal cases, where this court stated that a defendant is entitled to a new trial "as if no judgment had been rendered in the municipal court," *Stephens v. State*, 295 Ark. 541, 750 S.W.2d 52 (1988), and that "the purpose of the trial *de novo* is to conduct a trial as though there had been no trial in the lower court." *Bussey v. State*, 315 Ark. 292, 867 S.W.2d 433 (1993). However, these cases refer to *de novo* review as only a new trial, and do not address the issue of whether further pleading should be allowed after entry of the municipal court judgment.

---

[1] The publisher's note to Ark. Code Ann. § 16-96-501 suggests that the statute has been superseded, citing *Allred* for the proposition that "[s]ome provisions of this section may be superseded by Arkansas Inferior Court Rule 9." However, *Allred* merely held that Ark. R. Inf. Ct. 9(a) governs the timeliness of appeals brought pursuant to Ark. Code Ann. § 16-96-501. The case does not expressly or impliedly supersede the statute. In fact, the *Allred* court relied on Ark. Code Ann. § 16-96-501, stating that "[a] conviction upon a guilty plea is appealable from a municipal court pursuant to Ark. Code Ann. § 16-96-501."

Nevertheless, we are convinced that it is indeed illogical to provide for a complete retrial of municipal court judgments entered pursuant to pleas of guilty, by consent or confession or by default, if the issue of liability cannot also be retried. The constitutional guarantee of a jury trial would be meaningless in those appeals involving a sum certain if the defaulting defendant is not allowed to deny liability on *de novo* review. Moreover, written answers are presently only required in the small claims division of municipal courts.[2]

We hold that Murdock may rely on the answer and counterclaim timely filed after his appeal to circuit court.

Reversed and remanded.

---

[2] This court has adopted a change in Inferior Court Rule 6, effective March 1, 1997, to require the filing of a written answer. *In re Matters of Ark. Rules of Civil Procedure,* (Ark. slip op., Nov. 18, 1996) (per curiam).