## McNeal *v.* Millar.

### Opinion delivered April 5, 1920.

1. MALICIOUS PROSECUTION—DIRECTION OF VERDICT.—In an action for malicious prosecution against three trustees of a mining company, one of whom caused plaintiff's arrest for arson, where the undisputed evidence showed that the other trustees were absent from the State and knew nothing of the occurrence or of the proceedings, it was not error to direct a verdict in their favor.

2. TRIAL—INSTRUCTION NOT BASED ON EVIDENCE.—In an action for malicious prosecution, where there was no evidence as to the apparent authority of the trustee who caused plaintiff's arrest to represent his fellow trustees, an instruction submitting the issue of his apparent authority to the jury was properly refused.

3. MALICIOUS PROSECUTION — APPARENT AUTHORITY TO INSTITUTE PROSECUTION.—Although a mining company's trustee was general agent for protection and operation of its plant, it was not within the scope of his authority to institute criminal prosecutions for the destruction of the company's property.

4. MALICIOUS PROSECUTION—INSTRUCTIONS.—In an action for malicious prosecution instructions as to malice and probable cause approved.

5. MALICIOUS PROSECUTION—DISCHARGE OR ACQUITTAL NOT PRESUMPTIVE OF WANT OF PROBABLE CAUSE.—The discharge or acquittal of accused in a criminal prosecution raises no presumption that there was no probable cause for prosecution.

6. MALICIOUS PROSECUTION—INSTRUCTION.—In an action for malicious prosecution, an instruction requested by plaintiff to the effect that malice may be inferred from circumstantial evidence, or from the want of probable cause was properly modified by striking out the provision as to inference from want of probable cause.

7. WITNESSES—IMPEACHMENT.—In an action for malicious prosecution where plaintiff testified in her own behalf, a question on her cross-examination propounded for the purpose of showing that her husband was a thief, though incompetent when standing alone, was not erroneous where plaintiff's guilty knowledge of the theft was shown without objection, and the court limited the testimony to its effect on her credibility and damages.

8.  Appeal and error—admission of testimony and subsequent
    exclusion.—If the admission of testimony to show plaintiff's
    guilty knowledge of her husband's theft was error, such error
    was cured where such testimony was subsequently excluded from
    the jury's consideration.

Appeal from Pike Circuit Court; *George R. Haynie,*
Judge; affirmed.

*W. T. Kidd,* for appellant.

1.  Corporations as well as natural persons are liable for the wilful torts of an agent acting within the general scope of his employment, without previous express authority or subsequent ratification. 37 S. C. 377; 34 Am. St. 758; 16 S. E. 40; 76 S. C. 217; 56 S. E. 98; 65 S. C. 332; 95 Am. St. 802; 43 S. E. 816; 67 S. C. 419; 46 S. E. 47; 69 S. C. 115; 48 S. E. 97; 77 S. C. 549; 11 L. R. A. (N. S.) 822; 122 Am. St. 593; 58 S. E. 608. A corporation may be held liable for assault, false imprisonment or malicious prosecution. 32 N. J. L. 328; 37 Ala. 560; 133 Mass. 563; 130 *Id.* 443; 93 Cal. 562; 90 N. Y. 77. See also as to liability of corporations for criminal acts of its agents in the course of their employment, 65 Mo. 539; 27 Am. St. 293; 55 Mich. 224; 54 Am. St. 372; 12 *Id.* 589; 20 N. E. 109; 73 Tex. 568; 4 L. R. A. 280; 10 Cyc. Law & Proc. 1215; 18 Am. & Eng. Enc. Law 1058; 43 S. E. 295; 36 Am. Rep. 678, etc.

2.  The court erred in giving instructions and in refusing those asked. Cases *supra.* 128 Ark. 196; 51 Md. 290; 78 *Id.* 394; 101 Miss. 180; 207 Penn. St. 447; Wood on Master and Servant, § 307. Express authority need not be shown, it may be implied. 122 U. S. 597; 98 N. C. 34; 10 S. W. 744; 21 R. C. L. 25; 148 N. Y. 612; 132 Pa. St. 428; 23 Okla. 561; 48 Mo. App. 99. See also Tiffany on Agency, 183; 96 Ark. 456; 103 *Id.* 345; L. R. A. 1916 E, 777; 124 Ark. 360. Ratification may be express or implied. 11 Ark. 189; 29 *Id.* 131; 74 *Id.* 557; 55 *Id.* 240.

3.  It was error to refuse No. 5 for plaintiff. Discharge at the preliminary hearing of the accused makes

a *prima facie* case of want of probable cause. 124 Ark. 26; 96 N. W. 803; 123 Cal. 26; 94 Ark. 433; 76 *Id.* 41; 100 *Id.* 319; 186 S. W. 312; 15 Ark. 345. Malice may be inferred from evidence of want of probable cause. 122 Ark. 382; 37 *Id.* 160; 63 *Id.* 387; 32 *Id.* 166, 763.

4. The instruction as to punitive damages should have been given. 123 Ark. 497; 125 *Id.* 54.

5. Probable cause is a mixed question of law and fact. 33 Ark. 316; 32 *Id.* 316, 166; 51 N. Y. App., Div. 321.

6. It was error to instruct a verdict, as a case was made for a jury. 96 Ark. 379; 99 *Id.* 490; 98 *Id.* 334; 105 *Id.* 213; 97 *Id.* 438; 101 *Id.* 376; 63 *Id.* 94; 37 *Id.* 164, 580; 100 *Id.* 71; 105 *Id.* 136; 104 *Id.* 267; 98 *Id.* 334; 37 *Id.* 580; 193 S. W. 520, etc.

*McRae & Tompkins,* for appellee.

1. Instituting a criminal proceeding is not within the apparent scope of an agent's authority. 65 Ark. 144, 148; 136 *Id.* 122; 78 *Id.* 583; 79 *Id.* 85.

2. There is no question of ratification in this case. Millar did not know of the arrest, much less authorize it. 67 L. R. A. 455; 6 Labatt, Master and Servant, § 2465. In view of these authorities, there was no error in instructing a verdict.

3. The court did not err in refusing to instruct the jury that the discharge of appellant was a *prima facie* showing of want of probable cause. 98 U. S. 187; 32 Ark. 763; 96 *Id.* 330; 4 Sutherland on Damages, p. 4639; 71 Ark. 358.

3. There was no error as to the measure of damages as none were recovered.

WOOD, J. The Kimberlite Diamond Mining and Washing Company is a foreign corporation doing business in this State. It was operated by Austin Q. Millar, Howard A. Millar and W. L. Wilder as trustees. It owned a mining plant at Kimberley and one at the Ozark mines, Pike County, Arkansas. These plants were about

a mile apart. On January 13, 1919, both plants were destroyed by fire at the same time.

January 15, 1919, at the instance of Austin Q. Millar, the appellant was arrested charged with the offense of arson in the burning of these plants. On January 20, 1919, the charge against her was heard before the justice of the peace and she was discharged.

The appellant instituted this action against the appellees, alleging that Austin Q. Millar, acting for himself and for his co-defendants and within the scope of his authority, caused the arrest of the appellant; that Austin Q. Millar did maliciously and without probable cause procure the arrest of the appellant; that she was detained for about four hours; that because of the arrest, false imprisonment and malicious prosecution she had been damaged in the sum of $1,250, for which she asked compensatory damages. She also asked the sum of $1,250 punitive damages.

The appellees answered separately. Austin Q. Millar denied that in any of the transactions set forth in the complaint that he was acting as agent for any of the co-defendants, and denied that he was acting as agent for the corporation. He also denied that he was acting within the scope of his authority as trustee in giving the information upon which the warrant was issued and the arrest of the appellant effected. He denied that he acted with malice and without probable cause, but averred that his purpose in giving the information to the officers upon which the arrest was procured was to vindicate the law and bring to justice the parties responsible for the destruction of property. He denied other material allegations of the complaint and alleged that none of his co-defendants knew anything of his action, and that they had not ratified or approved the same.

W. L. Wilder and Howard A. Millar in their separate answers denied that Austin Q. Millar was acting as their agent in connection with the arrest and prosecution of the appellant, and denied that they operated the diamond mine as a partnership. They alleged that they were not

in the State of Arkansas at the time, and that Austin Q. Millar had no authority to represent them.

There was testimony tending to prove that Austin Q. Millar on January 15, 1919, signed an affidavit before W. E. Walston, justice of the peace, charging, among others, the appellant with the crime of arson in setting fire to the diamond washing plant operated by Austin Q. Millar and praying a warrant for her arrest. The affidavit was made as the evidence shows before Walston and he issued a warrant for her arrest. She was arrested by the sheriff and was tried by the examining court on January 20, 1919. The magistrate after hearing the evidence discharged the appellant.

These and other facts were developed at the trial. The testimony is voluminous and it could serve no useful purpose to set it forth in detail.

The court at the conclusion of the evidence instructed the jury to return a verdict for Howard A. Millar and W. L. Wilder. This instruction was correct, as the undisputed evidence shows that these parties were absent from the State and knew nothing of the occurrence and of the proceedings instituted by Austin Q. Millar leading to the arrest of appellant, hence could not have approved or ratified the same.

The court did not err in refusing the prayers of appellant for instructions in which she asked the court to submit to the jury the issue as to whether or not Austin Q. Millar acted within the apparent scope of his authority in instituting the criminal proceedings against appellant before the examining court. There was no testimony adduced to justify the court in submitting such an issue to the jury. There was no testimony as to what Austin Q. Millar's authority was in connection with the operation of the diamond plant. But, even if it had been proved that he was the general agent of the company and of his co-defendants for the operation of the mining plant, it would not be within the scope of the authority of such an agent to institute a criminal prosecution against a party for the alleged destruction of buildings connected

with such plant. The prosecution of an alleged offender for the crime of arson after the destruction of the buildings by fire might lead to punishment for the offense but it could not restore the property. Such a proceeding is, therefore, clearly not within the scope of an agency to protect, preserve, and operate the plant. Its only purpose and effect would be the punishment for the past offense. *Little Rock Traction & El. Co.* v. *Walker,* 65 Ark. 144; *Little Rock Ry. & El. Co.* v. *Dobbyns,* 78 Ark. 553; *Dobbins* v. *Little Rock Ry. & El. Co.,* 79 Ark. 85. See also *Chicago, R. I. & Pac. R. Co.* v. *Gage,* 136 Ark. 122-6; *Daniel* v. *Railroad Co.,* 136 N. C. 517; 6 Labatt, Master and Servant, 2465.

The court among other instructions gave the following: "If you find from a preponderance of the evidence that Austin Q. Millar, while acting without probable cause and with malice, instigated, procured and caused the arrest of the plaintiff by procuring or causing a warrant to be issued by W. E. Walston, a justice of the peace, for the arrest of the plaintiff on the charge of arson, and that plaintiff was arrested and placed under bond for her appearance at the preliminary hearing, and that she was acquitted and discharged of the crime of arson by the trial justice, then your verdict will be for the plaintiff."

The court also instructed the jury as follows:

"No. 1. The question of the guilt or innocence of the plaintiff of burning the mining plant is not involved in the case. Although you may believe she is absolutely innocent, still if the defendant had no malice against her in instituting the prosecution your verdict will be for the defendant."

"No. 2. If you find from the evidence that the facts and circumstances known to the defendant were such as to induce in the mind of a reasonable man the belief that the plaintiff was guilty of the offense charged, and did induce such belief in defendant's mind, your verdict will be for the defendant."

"No. 3. You are instructed that the burden is upon the plaintiff to show that the defendant instituted the prosecution in this case without probable cause, and with

malice toward the plaintiff; and if you find that there was probable cause or that there was no malice, your verdict will be for the defendant."

"No. 5. If you find from the evidence that the defendant, Austin Q. Millar, simply told the officers truthfully what he knew about the fire and that at the request of the officers he signed the statement upon which the warrant was issued, and without malice, your verdict will be for the defendant."

It suffices to say of the above instructions that they correctly declared the law applicable to the facts which the testimony adduced by the appellee tended to prove.

The appellant prayed for an instruction telling the jury that "proof of the fact that Austin Q. Millar caused the arrest of plaintiff and that she was discharged at the preliminary hearing before the justice of the peace makes a *prima facie* showing that the arrest was without probable cause."

The court refused this prayer.

The authorities are divided on the question as to whether or not an acquittal in a criminal prosecution is *prima facie* evidence of want of probable cause. Case note *Bekkeland* v. *Lyons*, 64 L. R. A. 474-81-84. But our own court is committed to the doctrine that discharge or acquittal is not to be taken as a *prima facie* showing that there was no probable cause for the prosecution.

In *Kansas & Texas Coal Co.* v. *Galloway*, 71 Ark. 351-8, we held that "While the defendant in the former proceeding may have been found innocent and acquitted, yet that does not show a want of probable cause in the prosecution, it being not conclusive of anything against the prosecutor, but a mere circumstance which taken along with others may induce the jury to find that there was a want of probable cause and also that there was malice." As was also said in this opinion, "The rule is quite different if the defendant in the prosecution is found guilty, for that is conclusive of the fact that there was probable and reasonable cause for the prosecution." See also *L. B. Price Merc. Co.* v. *Cuilla*, 100 Ark. 319.

The court, therefore, did not err in refusing the above prayer.

The appellant also asked the court to instruct the jury that: "It is not necessary to prove malice by direct and positive evidence, but it may be proved by circumstantial evidence of facts in the case, or it may be inferred from the want of probable cause."

The court amended the instruction by striking out the words "or it may be inferred from the want of probable cause." The court granted the prayer as thus amended, to which ruling the appellant duly excepted. The ruling of the court was correct. *L. B. Price Merc. Co.* v. *Cuilla*, p. 320, *supra*.

During the cross-examination of the appellant she was asked, was not your husband arrested within the last year or two for stealing corn, and did not George Crawford, who is now deputy clerk and Mr. Gilleylen, the sheriff or deputy who is now dead, and Mr. Brayer come to your house and ask you about the corn? The appellant objected to the question on the ground that it was "irrelevant, incompetent, immaterial, and foreign to the issues." The court ruled that the question was proper in determining the credibility of the witness' evidence and in determining the amount she should recover as damages if the jury found that she was entitled to recover anything. The witness answered that her husband was accused of taking corn. She then further testified in answer to questions that she was asked about the corn, without objection, and told them that they did not have any corn; that the officers found some seed corn in the kitchen and took it away; that there were some pumpkin seed in it; that she and her husband saved some seed corn and in buying corn all through the winter they put seed corn back and in the spring her husband asked her where the pumpkin seed was, but she did not know whether her husband put the pumpkin seed in the corn or not, but if he ever stole any corn witness did not know it. She did not tell the officers where the corn was. They had a search warrant for it.

It will be observed that the court in its ruling limited the jury to the consideration of the above testimony for the purpose of affecting the credibility of the appellant and in determining the amount of her damages if they should return a verdict in her favor. The question propounded to the witness for the purpose of showing that her husband was a thief, standing alone, would have been wholly incompetent, but the appellee, without objection, asked the witness several other questions, her answers to which tended to prove that there was a theft of corn by her husband and that she had a guilty knowledge thereof. The court, therefore, correctly ruled that the above testimony was only competent as affecting the credibility of the witness. But it appears from the record that all the above testimony of the witness concerning the corn proposition was expressly excluded from the consideration of the jury. Therefore, if the testimony as adduced was incompetent and prejudicial, the ruling of the court effectually removed all possible prejudice that could have resulted to appellant in first permitting the question to be asked and answered.

There is no reversible error in the record, and the judgment is therefore affirmed.