FREEMAN *v.* ALLEN.

4-4478

Opinion delivered January 11, 1937.

*Harrison, Smith & Taylor,* for appellant.

GRIFFIN SMITH, C. J. Appellant seeks to reverse a judgment for malicious prosecution, secured against him by appellee.

Appellee had been a tenant on one of appellant's farms in 1933, and claims to have contracted to remain during 1934. A disagreement occurred in January, and appellant ordered appellee to leave the premises, which appellee at that time refused to do. Subsequently, notice to vacate was served and appellee moved, but not until appellant had caused a warrant of arrest to issue from the Blytheville Municipal Court, charging appellee with petit larceny in stealing corn from appellant's barn. The accused was found guilty and fined $10, and sentenced to serve one hour in jail. On appeal to the circuit court, there was a trial *de novo,* and appellee was acquitted. Thereupon, this suit was begun.

Appellant moved for an instructed verdict on the ground that appellee's conviction in municipal court was conclusive evidence of probable cause. Over appellant's objections, appellee was permitted to prove that the regular judge did not preside at the trial in municipal court. It was shown that after the clerk had stated that the regular judge was not available he called, in turn, two other attorneys, who declined. Appellee's attorney then suggested that Mr. Frank Douglas be called, and the clerk, after telephoning Mr. Douglas, announced that the latter had agreed to act. Again, after Mr. Douglas arrived, he was asked if he would hold court, and he replied that he would. The parties then went into the municipal court room, where the trial proceeded.

Act No. 60 of 1927, which created the Blytheville Municipal Court, provides that if the municipal judge shall fail to attend court, the regular practicing attorneys

in attendance may, on notice from the clerk, select a special judge "to preside at such court or to try such cause."

Appellant, in his defense to the action for malicious prosecution, pleaded the former conviction of appellee as conclusive evidence of probable cause, and moved for an instructed verdict, which was overruled. The jury returned a verdict for $100, for which there was judgment.

In appellant's motion for a new trial there are seven assignments of error, only three of which are urged in this appeal. They are (1) that there was a substantial compliance with the statute in selection of the municipal court judge, and, therefore, there was a valid conviction; (2) that the circuit court erred in permitting appellee to make a collateral attack upon the judgment, and (3) that if the municipal court judgment was void, there was nothing to appeal from, and the circuit court acquired no jurisdiction on appeal, and the trial in the circuit court whereby appellee was acquitted is a nullity, and this action was prematurely brought.

It will be unnecessary to discuss assignments two and three, for the reason that we are of the opinion that there was substantial compliance with act No. 60 of 1927 in the selection of a special judge, and the judgment was valid.

The Blytheville Municipal Court is a court of record, and had jurisdiction of the subject-matter. Appellee appeared in person and by attorney, and his own attorney suggested that Mr. Douglas be called to serve as special judge. This conduct occurred after the clerk had stated that the regular judge was out of the city. In such circumstances the regular practicing attorneys in attendance were empowered to "select" a special judge. It is true that the deputy prosecuting attorney and appellee's attorney were the only attorneys present, but they acted in concert, and the law does not regulate the number of attorneys who must be present and vote in the selection of a special judge as a prerequisite to regularity, nor does it direct how the selection shall be made.

In Ruling Case Law (Vol. 18, page 37), it is said that "Where the plaintiff in an action for malicious prosecution was convicted in the criminal proceeding, but such conviction has been reversed, the authorities are apparently agreed that the inferences to be drawn from the fact of conviction as to the existence of probable cause for the prosecution are not destroyed by the reversal, but there is no little conflict of opinion as to the conclusiveness of such evidence. One line of authorities takes the view that such conviction is not conclusive, but merely *prima facie* evidence of probable cause, which may be rebutted by competent evidence that clearly overcomes the presumptions arising from the fact of conviction. It is, however, the general rule that a conviction in a criminal proceeding before a competent court having jurisdiction of the matter is conclusive evidence of probable cause for making the charge, notwithstanding the fact that the case has been reversed."

Decisions of this court are in harmony with the general rule announced in Ruling Case Law, and the case of *Kansas & Topeka Coal Co.* v. *Galloway,* 71 Ark. 351, 74 S. W. 521, 100 Am. St. Rep. 79, is cited by R. C. L. in support of the principle. In discussing the rule Chief Justice BUNN said: "The rule is quite different if the defendant in the prosecution is found guilty, for that is conclusive of the fact that there was probable and reasonable cause for the prosecution. Some authorities, probably a majority of them, go to the extent of holding that this is the effect of a conviction, notwithstanding the fact that the judgment of conviction may be reversed on appeal, and there is the best of reason for that position."

In *Casey* v. *Dorr,* 94 Ark. 433, 127 S. W. 708, 140 Am. St. Rep. 124, 21 Ann. Cas. 1046, Chief Justice Mc-Culloch said: "The rule seems to be established by the weight of authority that a judgment of conviction by a court of competent jurisdiction is conclusive evidence of the existence of probable cause, even though the judgment be subsequently reversed and set aside unless it is shown that the judgment was procured by fraud or undue means."

In holding that the judgment of the Blytheville Municipal Court was not void, it follows that the general rule announced in Ruling Case Law, and the decisions of this court, are conclusive as to the issue of probable cause, and that the trial court erred in not directing a verdict for appellant.

The judgment is reversed, and the cause dismissed.