ALEXANDER *v.* LAMAN.

5-760                                                  283 S. W. 2d 345

Opinion delivered November 7, 1955.

*Kenneth C. Coffelt* and *Tilghman E. Dixon,* for appellant.

*Edwin E. Dunaway,* for appellee.

GEORGE ROSE SMITH, Associate Justice. This is a suit by the appellant for damages for malicious prosecution. The only question at issue is whether the trial court acted correctly in directing a verdict for the defendant.

The relevant facts, stated most favorably to the appellant, are these: In 1951 the appellant bought a cedar chest at the appellee's furniture store and signed a purchase contract by which the appellee retained title to the property until it was paid for. In making the purchase the appellant informed the appellee that she intended to give the chest to her daughter as a graduation present. The gift was made immediately after delivery of the chattel. Some months later the daughter married and took the cedar chest to Arizona.

Upon the appellant's becoming delinquent in her payments on the debt the appellee had her arrested on a charge of wrongful disposal of title-retained property. Ark. Stats. 1947, § 41-1928. At a trial in the North Little Rock municipal court the appellant was convicted and sentenced to a fine and imprisonment. Upon appeal to the circuit court, however, the charge was dismissed on a point of law—apparently on account of the appellee's knowledge that the chest was to be given away.

Upon this proof the court was right in instructing a verdict for the defendant. It was incumbent on the

plaintiff to show, as an essential element of her cause of action, that the defendant acted without probable cause in having her arrested. *Price* v. *Morris*, 122 Ark. 382, 183 S. W. 180. That element of the appellant's case is necessarily lacking, for it is settled that a judgment of conviction by a court of competent jurisdiction is conclusive evidence of the existence of probable cause, even though the judgment is later reversed. *Freeman* v. *Allen*, 193 Ark. 432, 100 S. W. 2d 679. In the case at bar the appellant, in an effort to escape the legal effect of her conviction, sought to introduce a transcript of the testimony taken before the municipal court, for the purpose of showing that the evidence did not support that court's finding of guilt. This offer of proof was properly rejected. Since the municipal court's judgment, in the absence of fraud in its procurement, was *conclusive* evidence of the existence of probable cause, the appellant was not entitled to retry an issue already determined.

Affirmed.