CROCKETT MOTOR SALES, INC. *v.* Victor LONDON

84-94 671 S.W.2d 187

Supreme Court of Arkansas
Opinion delivered July 2, 1984

*L. Gene Worsham,* for appellant.

*Cliff Jackson, P.A.,* for appellee.

GEORGE ROSE SMITH, Justice. Victor London brought this action for malicious prosecution against Crockett Motor Sales, from whom London had bought a car on credit in 1975. When the car was repossessed for delinquency in 1976, the motor was missing. London's complaint alleged that Crockett Motors, without probable cause and with malice, charged London with having taken the motor and transmission to defraud a secured creditor, a felony. Ark. Stat. Ann. § 41-2304 (Repl. 1977). The trial resulted in a verdict and judgment awarding London $7,500 actual damages and $5,000 punitive damages. For reversal Crockett Motors argues that it was entitled to a directed verdict and that the awards are excessive. Tort cases come to us. Rule 29 (1) (o).

The testimony was in dispute. London testified that he fell behind in his payments on the car when the engine developed a knock in April, 1976. London, who is a mechanic, decided to save about $700 by removing the engine himself and having it repaired instead of putting the car in a shop. He had to pay $350 in advance, however, resulting in his becoming delinquent in his monthly payments to the financing bank.

London testified that he had no prior notice before the car was picked up by the bank in his absence and taken to Crockett Motors, a recourse dealer. London, looking for his car, could get no information at the bank and went to Crockett Motors, where he unexpectedly saw his car on their lot. He then talked to Mr. Crockett (who died before the trial). Crockett demanded to know where the motor was and refused to listen to London's explanation; so London left. A day or so later Crockett called London and a refinancing was arranged, under which London completed his purchase of the car without further difficulties.

In the interval before the refinancing, however, and unbeknown to London, Crockett had sent his employee, James Cabe, to the prosecuting attorney's office to swear out a warrant against London. Cabe did so, but the warrant lay

dormant for more than four years. It finally happened that in 1981, when London went to the police headquarters to pay a traffic ticket, a computer check of his record disclosed the warrant. London was at once arrested, booked, finger-printed, and held until he arranged for bail. He had to employ a lawyer and go to court for arraignment before the charge was nol-prossed. The present suit was then filed, in 1982.

Crockett Motors argues primarily that it had probable cause for thinking that London had taken the motor with intent to defraud. On disputed facts, however, such a question is for the jury and has been in Arkansas for more than a century. *Chrisman* v. *Carney*, 33 Ark. 316 (1878); *Whipple* v. *Gorsuch*, 82 Ark. 252, 101 S.W. 735, 10 LRA (NS) 1133, 12 Ann. Cas. 38 (1907); *Myers* v. *Andre*, 161 Ark. 393, 256 S.W. 363 (1923); *Wm. R. Moore Dry Goods Co.* v. *Mann*, 171 Ark. 350, 284 S.W. 42 (1926); *Parker* v. *Brush*, 276 Ark. 437, 637 S.W. 2d 539 (1982). In the present case all the issues were submitted to the jury by instructions about which no complaint is made.

The jury could have found, in harmony with the court's instructions, that by the test of a reasonably cautious man Crockett did not have probable cause for believing that London had been guilty of dishonesty. Crockett refused to listen when London tried to tell him that "I put money down on it, on having the engine repaired, and I didn't want to just lose out." London had been making his payments regularly before his delinquency and had paid the $3,300 debt down to about $1,500. The jury could conclude that on those facts Crockett was not justified in jumping to the conclusion that in effect London was a thief. Indeed, it is almost impossible to reconcile the existence of probable cause with Crockett's almost contemporaneous action in refinancing the debt and returning the car to London. There was ample proof to justify the jury in finding a want of probable cause for the prosecution.

Crockett Motors argues that a directed verdict was required for two other reasons. One, the company acted on advice of counsel, because a deputy prosecuting attorney

made out the information for Cabe to sign. It is essential to this defense, however, that the facts be fully and impartially stated to counsel. *Parker, supra.* Cabe testified that he was instructed by Mr. Crockett to go down and get a warrant, but Cabe admitted that he had not heard the conversation between Crockett and London. The jury doubtless concluded that he could not have detailed London's side of that conversation to the prosecutor. In fact, the prosecutor testified that if he had been told that London claimed to have removed the motor for repairs, he would have tried to verify that fact before approving the charge. Moreover, London denied all along that the transmission in the car was missing, but the information charged that London had also taken that; so the prosecutor was not accurately informed in that particular. The second argument, that the prosecution did not terminate in London's favor, is without merit, for the entry of a nolle prosequi is a sufficiently favorable termination. Prosser, Torts, 839 (4th ed. 1971).

In view of the gravity and the consequences of an innocent man's being wrongfully charged with a felony, we do not find the award of damages to be excessive.

Affirmed.