John Lloyd JOHNSON *v.* STATE of Arkansas

92-833                                                    846 S.W.2d 662

Supreme Court of Arkansas
Opinion delivered February 8, 1993

*John Lloyd Johnson*, pro se.

*Winston Bryant*, Att'y Gen., by: *Cathy Derden*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, John Lloyd Johnson, is an attorney who was appointed by the Yell County Municipal Court to represent an indigent defendant. His appeal to this court involves his costs and fees in the indigent's case.

The transcript from the municipal court consists only of the order appealed from — the order awarding him attorney's fees. The circuit court clerk's files indicate the indigent's case was heard without a court reporter's record being made. Thus, we are unable to verify some of the underlying facts in this case. However, appellant claims he made four court appearances on the indigent's behalf and the Yell County Municipal Court ultimately convicted the indigent of only one of eight charges resulting from an automobile accident — driving too fast for conditions.

The transcript filed in this court indicates appellant submitted a motion and supporting affidavit for attorney's fees and costs of $1,128.52 associated with the indigent's defense. The Yell County Municipal Court awarded appellant only $150.00 in fees with no costs or expenses. Appellant appealed the municipal court's order to Yell Circuit Court which found, without explanation, that it lacked subject matter jurisdiction to hear the appeal.

Appellant now appeals the order of the Yell Circuit Court finding that it lacked jurisdiction to hear the appeal from municipal court. Appellant's jurisdictional statement asserts this case involves a significant public interest and a legal principle of major importance and should therefore be certified to this court under Ark. Sup. Ct. R. 29(4)(b). The case requires our interpretation of the Arkansas Constitution and the statutes concerning inferior courts. We therefore exercise jurisdiction pursuant to Ark. Sup. Ct. R. 29(1)(c).

Appellant cites Ark. Const. art. 7, §§ 14, 33 as authority for his contention that the circuit courts of this state have appellate jurisdiction over municipal courts and the Yell Circuit Court

therefore erred in dismissing his appeal for lack of subject matter jurisdiction. The state agrees that the circuit courts have appellate jurisdiction over the municipal courts.

■ The foregoing provisions of the Arkansas Constitution cited by appellant state that circuit courts shall exercise superintending control and appellate jurisdiction over county courts, probate courts, courts of common pleas, corporation courts, and justices of the peace. In addition, Ark. Code Ann. § 16-19-1105 (1987) provides for de novo appeals from municipal courts to circuit courts. Although section 16-19-1105 speaks in terms of justices of the peace, this court has held the statute to apply to municipal court misdemeanor convictions.[1] *Casoli* v. *State*, 297 Ark. 491, 763 S.W.2d 650 (1989).

■ Pursuant to Ark. Const. art. 7, §§ 14, 33, we agree with both appellant and appellee that the circuit court has subject matter jurisdiction to hear appellant's appeal of the fee awarded in municipal court. Accordingly, we hold the trial court erred in dismissing appellant's appeal for lack of subject matter jurisdiction.

Appellant also argues there was sufficient evidence presented below for us to make a determination that the municipal court's order was insufficient and amounted to a taking without just compensation. While this court may possibly hear cases originating in municipal court, we would not do so until the circuit court had first heard the case. Therefore, we made no holding with respect to the propriety of the municipal court's order.

The order dismissing for lack of subject matter jurisdiction is reversed and remanded to the circuit court.

---

[2] Whether the indigent was indeed convicted of a misdemeanor is yet another fact we are unable to verify because of the state of the transcript from the municipal court.