John BROWN, Hughey D. Brown, and Teresa Brown *v.*
FOUNTAIN HILL SCHOOL DISTRICT, Superintendent
Opal Crow, Hal Gibson, and Elmer Sparks

CA 99-98 1 S.W.3d 27

Court of Appeals of Arkansas
Division IV
Opinion delivered October 6, 1999

*The Cortinez Law Firm, P.L.L.C.*, by: *Robert R. Cortinez, II,* for appellants.

*W. Paul Blume*, for appellees.

OLLY NEAL, Judge.
On September 30, 1993, John Brown was a student at Fountain Hill High School, when he amputated the fingers on his right hand while operating a table saw in the school's vocational-agriculture shop class. John's parents, Hughey and Teresa Brown, filed a negligence action against the individual appellees, because of the removal of the table saw's blade safety guard by appellee Hal Gibson. An action was brought against the school district based upon the theory of *respondeat superior*. Appellees filed a motion to dismiss appellants' complaint based upon the statutory immunity afforded school districts and their employees in negligence actions by Ark. Code Ann. section 21-9-301 (1987). Appellants subsequently filed an amended and substituted complaint, in which they added the insurance exception to the statutory-immunity defense, and pled in the alternative that appellees' actions amounted to the tort of outrage. Appellees filed a motion under Ark. R. Civ. P. 12(b)(6) that was not ruled upon. After discovery was completed, appellees filed a motion for summary judgment.

In a hearing held on May 26, 1998, the trial court granted partial summary judgment to appellees based upon its finding that Ark. Code Ann. section 21-9-301 barred appellants' claim for damages caused by appellees' negligence. The trial court allowed appellants to proceed with their claim based upon the tort of outrage.

On September 11, 1998, a subsequent hearing was held and at that time, the trial court granted summary judgment to appellees on appellants' claim for outrage. In granting summary judgment, the trial court found that appellants had not pled sufficient facts to succeed on a claim for damages based upon the tort of outrage. This appeal followed.

On appeal, appellants argue three points: (1) the appellees' motion for summary judgment was defective because it failed to address the appellants' tort of outrage claim in the amended and substituted complaint; (2) the trial court erred when it considered matters in appellees' supplemental brief in violation of Ark. R. Civ. P. 56(c), when making its September 11, 1998, order; and (3)

the trial court erred in dismissing appellants' amended and substituted complaint that adequately pled the tort of outrage.

■ Appellants' first two points on appeal were not presented to the trial court, and as a consequence, are not preserved for appellate review. *See Helms v. University of Missouri-Kansas City*, 65 Ark. App. 155, 986 S.W.2d 419 (1999).

■ ■ Appellants' remaining point is that the trial court erred in dismissing the remaining portion of their complaint that adequately pled the tort of outrage. The law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On review, the appellate court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Tyson Foods, Inc. v. Adams*, 326 Ark. 300, 930 S.W.2d 374 (1996). This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.*

■ To succeed on a tort-of-outrage claim, the plaintiff must prove that (1) the defendant intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous and utterly intolerable in a civilized community; (3) the defendant's conduct was the cause of the plaintiff's distress; and (4) emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it. *Holloman v. Keadle*, 326 Ark. 168, 931 S.W.2d 413 (1996).

In their amended complaint, appellants alleged:

> Defendant Hal Gibson was in charge of Ashley County's school children and had the ultimate responsibility for their safety and his behavior in removing the safety guard which greatly enhances said saw's potential to mutilate, deform and mangle children

coming in contact with said equipment was beyond all possible bounds of decency and utterly intolerable.

Defendant Hal Gibson purposely, knowingly, willfully and intentionally removed the safety guard of the Delta International table saw that was installed to prevent any unnecessary injury or enhancement of injury. The removal of said safety guard on the part of Defendant Hal Gibson constitutes willful conduct and elevates itself to reckless disregard or conscious indifference of the consequences of his actions.

At said times Defendant Fountain Lake School District, its governing board, officers, agents, and employees, knew or, in the exercise of reasonable care, should have known of the dangerous and defective condition of the table saw, that table saw lacked entirely any effective or adequate automatic or other type release or safety device, and wholly lacked any kind of guard to protect students, using the same.

Jonathan Brown sustained complete amputations of his index, long, ring, and small fingers of the right hand. Plaintiff Jonathan Brown immediately underwent revascularization of these digits and stabilization of the fractures in an eight-hour surgical procedure. In addition, Plaintiff Jonathan Brown has sustained segmental bone loss at the PIP joint of his index, long, and ring fingers, and has undergone two subsequent operations and is scheduled to undergo subsequent operations in the future.

Jonathan Brown has been permanently impaired, suffered great pain and anxiety by reason of said injuries, has suffered and during the remainder of his life will suffer great humiliation and anxiety, will be hindered and damaged in his professional trade or calling by reason of the mutilated and crippled condition of his right hand and will be forever barred from doing certain kinds of work.

Appellants contend that the pleadings found in the amended complaint are not conclusions, and are every bit as express as those found in *Diestch v. Tillery*, 309 Ark. 401, 833 S.W.2d 760 (1992). In *Deitsch*, which involved a dismissal pursuant to Ark. R. Civ. P. 12(b)(6), the supreme court found that the wording of the complaint recited more than conclusory allegations, as it was required to do. In making its decision, the court supplied the following rationale:

In their complaint, the appellants allege the appellees knew of the presence of specific rules and regulations for the removal of asbestos and failed and refused to follow such procedures. The complaint states that appellees knowingly misrepresented and/or concealed the dangerous asbestos condition . . . in order to induce the school employees and students to attend and work at the school. It is further alleged that appellees had such knowledge of the proper procedures (or by the exercise of reasonable care and compliance with state and federal laws, should have known) at least by May 27, 1983, and that the appellees did have such knowledge by October 1988, following inspection of the school for asbestos. The alleged proper standards, comprising both federal and state regulations, were set out at length in the complaint. The appellants allege they have sustained, and continue to sustain, damages for emotional distress and fear, physical injury, and increased risk of serious physical injury in the future. Appellant, Delores Bartizal is alleged to have contracted throat cancer, proximately caused by exposure to asbestos.

In the present case, the wording of appellants' complaint recites conclusory allegations and does not plead facts as this jurisdiction requires. Appellants' complaint merely concludes that the appellees' conduct was outrageous, but fails to support those allegations with facts. At best, appellants' claim is based upon the theory of negligence, and the statutory immunity afforded appellees bars a suit brought on that basis. Ark. Code Ann. § 21-9-301 (1987).

Appellants make the final argument that the dismissal of its complaint was without prejudice because the trial court failed to address whether the dismissal was with prejudice or without prejudice. In so arguing, they rely on the case of *Joey Brown Interest, Inc. v. Merchants Nat'l Bank of Fort Smith*, 284 Ark. 418, 683 S.W.2d 601 (1985), for the proposition that if summary judgment is granted where the plaintiff has failed to state a claim rather than for failure to have a claim, the dismissal is with prejudice to allow the plaintiff the opportunity to plead further. The *Joey Brown Interest* case involved a motion for dismissal under Ark. R. Civ. P. 12(b)(6) that was based upon the defendant's belief that the plaintiff had failed to state a claim for which relief could be granted. The motion pursuant to Rule 12(b)(6) was converted to a motion

for summary judgment because the trial court considered matters outside of the pleadings in making its decision. *See* Ark. R. Civ. P. 12(b).

In making a motion for dismissal under Rule 12(b)(6), the motion is based upon the defendant's belief that the pleadings are defective; whereas, in the motion for summary judgment filed in this case the movants believed that they were entitled to judgment as a matter of law. *Id.*; *see also* Ark. R. Civ. P. 56. In making its decision to grant the summary-judgment motion, the trial court supplied the following rationale:

> I've looked at these outrage cases in doing some research on another case I had. And the cause of action for outrage, as I understood it, is what we studied in law school as the intentional infliction of emotional distress, if my research is correct. . . .
>
> . . .
>
> I've reviewed those cases and don't think our court has extended it past that. I — Just to be frank with you, I find it a little appalling that there wouldn't be any protection for a person like the Plaintiff here injured when, allegedly, if a guard has been removed that was intended for safety. But it appears to me that that really, as I've reviewed these cases on outrage, doesn't fall within what is meant to be in that cause of action as set out by our Supreme Court. And I think probably the best thing would be to go on and grant the motion on the whole case and let the Plaintiff take that up rather than spend time trying this case and the resources trying it if he doesn't have a cause of action to start with. . . .

Here, it is clear that the trial court based its decision to grant appellees' summary-judgment request because they were entitled to judgment as a matter of law, where the facts show that the alleged conduct of the appellees amounted to negligence. Moreover, given the fact that Arkansas Code Annotated section 21-9-301 provides immunity from suit for the negligent acts of school districts or its employees, it is clear that the dismissal of appellants' claim was with prejudice.

Affirmed.

GRIFFEN, J., agrees.

JENNINGS, J., concurs.

JOHN E. JENNINGS, Judge, concurring. The question is whether the plaintiff's complaint adequately pled the tort of outrage. In my view, the case is governed by the decisions in *Miller v. Ensco, Inc.*, 286 Ark. 458, 692 S.W.2d 615 (1985), and *Griffin v. George's, Inc.*, 267 Ark. 91, 589 S.W.2d 24 (1979), which hold that such conduct does not constitute an intentional tort.