WAL-MART STORES, INC. *v.* Felicia THOMAS

CA 00-1387                                                      61 S.W.3d 844

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered November 28, 2001

*Quattlebaum, Grooms, Tull & Burrow, PLLC*, by: *Leon Holmes, Thomas G. Williams*, and *Patrick W. McAlpine*, for appellant.

*Keil & Goodson,* by: *Matt Keil,* for appellee.

JOHN E. JENNINGS, Judge. Wal-Mart Stores, Inc., appeals from a $25,000 judgment awarded to the appellee, Felicia Thomas, after a bench trial. For reversal, appellant contends that there is insufficient evidence to support appellee's claims of relief for malicious prosecution, outrage, or defamation. We hold that the evidence is sufficient to support appellee's claim of malicious prosecution and affirm.

This case arose out of a dispute between appellee and Michelle Mitchell, a manager at the Wal-Mart store in Texarkana, over an item appellee wished to return. Appellee wanted to exchange a garment that she said was too small. Ms. Mitchell would not accept the return of the garment because, even though appellee had a receipt, she believed that it had been worn because there were crease marks and a stain on it. Appellee maintained that she had only worn the garment a few minutes when she had tried it on to see if it fit, and she denied that it was stained. Their discussion lasted from fifteen to twenty minutes and took place at the service desk. At its conclusion, appellee asked Ms. Mitchell to call the police so she could lodge a complaint. Ms. Mitchell called the police for appellee, and appellee went to the layaway department to await their arrival.

Ms. Mitchell testified that, although appellee was persistent in her demands, she was not verbally abusive and had not caused a disturbance of any kind. She stated that she had no reason to have appellee removed from the store, that she had not asked her to leave, and that the police would not have been called had it not been for appellee's request for them to be summoned. She said that she had no problem with appellee waiting in the layaway department, as the purpose of having customers in the store is so that they will spend money. She denied that she told the police to either remove appellee from the store, or to arrest her.

Officer Stacy Williams of the Texarkana Police Department responded to the call. By deposition, she testified that she met Ms. Mitchell at the front of the store and that Ms. Mitchell explained that there was a problem with a customer about a refund, that the customer had caused a disturbance, and that the customer had refused her request to leave the store. Officer Williams said that Ms. Mitchell asked her to remove and ban the customer from the store and that Ms. Mitchell pointed appellee out to her in the layaway department. Williams testified that she approached appellee and

told her that she must leave the store because the manager wanted her to go. Williams said that appellee became upset, that she was trembling, that her voice was quivering, and that she had tears in her eyes. Williams said that appellee refused to leave and said that she would not leave until she said what she had to say, but Williams said that appellee would not speak to her. Williams advised appellee that she would be arrested for criminal trespass if she did not leave because the store personnel wanted her to go. Williams testified that appellee appeared to be unstable and was being uncooperative in that she refused to identify herself or talk to her, so Williams decided to arrest her. When Williams tried to handcuff appellee, appellee grabbed a counter with both hands and then slapped and hit at Officer Williams.

At about that time, Officer Lynn Sanders arrived. At trial, Sanders recalled meeting briefly with Ms. Mitchell at the front of the store, but he said he could not remember receiving any specific instructions from her. He admitted, however, that in an earlier deposition he had testified that Ms. Mitchell had told him that appellee was causing a problem and that she wanted appellee removed from the store. He described the scene he encountered in the layaway department as a "Mexican standoff," and he said that a small crowd had gathered. After being informed by Officer Williams that appellee was to be arrested, Sanders said that he tried to speak with appellee but that she was tensed up and would not respond to any of his questions. Officer Sanders testified that he departed from his normal routine and even begged appellee to submit to the arrest. When appellee did not, he placed her in a "full Nelson," which allowed Officer Williams to get the handcuffs on her. Sanders then dragged appellee out of the store.

Appellee was taken to jail and charged with criminal trespass, loitering, and resisting arrest. The charges were later *nolle prossed*.

To prove malicious prosecution, the plaintiff must establish each of the following elements: (1) an earlier proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages. *Carmical v. McAfee*, 68 Ark. App. 313, 7 S.W.3d 350 (1999). Appellant argues on appeal that appellee failed to present sufficient proof on the first, third, and fourth elements.

In bench trials, the standard of review on appeal is whether the judge's findings are clearly against the preponderance

of the evidence. *Schueck v. Burris,* 330 Ark. 780, 957 S.W.2d 702 (1997). Resolving disputed facts, and determining the credibility of the witnesses are matters within the province of the circuit court, sitting as the trier of fact. *Heartland Community Bank v. Holt,* 68 Ark. App. 30, 3 S.W.3d 694 (1999).

Appellant first contends that there is no evidence that it instituted a proceeding against appellee because there was no testimony that Ms. Mitchell specifically asked the officers to arrest appellee. Appellant also suggests that it was appellee's own conduct that led to her arrest. As the trier of fact, the trial judge was entitled to accept or reject all of the testimony, or any part thereof that it believed to be true or false. *White v. State,* 39 Ark. App. 52, 837 S.W.2d 479 (1992). Based on the testimony, the trial court could find that the appellee was arrested for criminal trespass because Officer Williams believed that appellee had caused a disturbance and had refused Ms. Mitchell's request to leave the store. The trial court could also have found that appellee had not been disruptive and that Ms. Mitchell had not asked her to leave the store. Thus, the court could conclude that Ms. Mitchell falsely accused appellee of trespassing and that this false accusation set in motion the chain of events that led to appellee's arrest. In discussing this element of malicious prosecution, the supreme court has observed that when a private person makes an accusation of criminal misconduct about another to an official, the person must believe the accusation or information is true. If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information. *South Arkansas Petroleum Co. v. Schiesser,* 343 Ark. 492, 36 S.W.3d 317 (2001). We cannot say the judge's finding that the criminal trespass charge was instituted at the behest of appellant is clearly against the preponderance of the evidence.

Appellant next argues that appellee failed to prove the absence of probable cause. In the context of malicious prosecution, the term "probable cause" is defined as a state of facts or credible information which would induce an ordinarily cautious person to believe that the accused is guilty of the crimes charged. *Harmon v. Carco Carriage Corp.,* 320 Ark. 322, 895 S.W.2d 938 (1995). Further, ordinary caution is a standard of reasonableness that presents an issue for the trier of fact when the proof is in dispute or subject to different interpretations. *See Kellerman v. Zeno,* 64 Ark. App. 79, 983 S.W.2d 136 (1998).

■ Appellant contends that it has the right to select persons with whom it does business under Ark. Code Ann. § 4-70-101 (Repl. 1996), and that appellee committed a trespass under that statute when she refused the officer's request to leave. The trial court found, however, that Officer Williams asked appellee to leave and arrested her for criminal trespass when she did not comply, only because Ms. Mitchell had led her to believe that appellee had caused a disturbance and had already committed a trespass by refusing Ms. Mitchell's directive to leave the store. The trial court further found that Ms. Mitchell had never asked appellee to leave the store. It was also Ms. Mitchell's testimony that she had no cause to ask appellee to leave and that there was no problem with appellee remaining in the store. The trial court's finding that there was no probable cause to support the charge of criminal trespass is not clearly against the preponderance of the evidence.

■ Appellant also argues that there was probable cause to suspect appellee of loitering because appellee refused to identify herself to the officers or give them a reasonably credible account for her presence. The loitering statute, found at Ark. Code Ann. § 5-71-213, also requires the accused to linger or remain at the premises without apparent reason and under circumstances that warrant alarm or concern for the safety of persons or property. Again, it was Ms. Mitchell's testimony that appellee was not causing any kind of disturbance and that she remained at the store for the legitimate purpose of conducting further business. We cannot say that appellant had probable cause to believe that appellee had committed this offense.

■ Next, appellant argues that there was probable cause for the charge of resisting arrest. The trial court found, however, that appellee had not been asked to leave the store and had no reason to expect the police to ask her to go. The court also found that the officers were unaware that their presence had been requested by appellee. The court further found that the officer was under the mistaken impression that appellee had remained in the store despite Ms. Mitchell's request for her leave. The court thus concluded that appellee was confronted with a situation that she did not understand, which led to the conflict. In our view, resisting arrest was but one of the charges brought against appellant. As there was sufficient evidence to support the absence of probable cause for levying the charges of criminal trespass and loitering, we affirm under this point. Moreover, appellant has cited no authority that a plaintiff's reaction to charges that are shown to have been wrongfully brought

works to insulate the defendant from liability for malicious prosecution for bringing those false charges.

■■ Finally, appellant contends that malice was not shown. The evidence shows that Ms. Mitchell and appellee had argued over the return of the garment and that Ms. Mitchell set the police on appellee to remove her from the store by telling the officers, falsely, that appellee had caused a disturbance and had refused to leave the store. Malice may also be inferred from the lack of probable cause. *Wal-Mart Stores, Inc. v. Williams*, 71 Ark. App. 211, 29 S.W.3d 754 (2000). This finding is not clearly erroneous.

Because we affirm the judgment based on malicious prosecution, it is not necessary for us to decide whether there is also sufficient evidence to support claims for outrage and defamation.

Affirmed.

BIRD, VAUGHT, and BAKER, JJ., agree.

ROBBINS and CRABTREE, JJ., dissent.

TERRY CRABTREE, Judge, dissenting. I respectfully dissent from the majority's opinion that appellee presented proof at trial to establish that Wal-Mart engaged in the tort of malicious prosecution. I believe that appellee failed to prove three of the elements of a claim of malicious prosecution. Appellee did not establish (1) that a proceeding was instituted or continued by Wal-Mart or Mitchell against appellee, (2) the absence of probable cause, or (3) malice on the part of Wal-Mart.

Testimony at trial does not indicate that Wal-Mart or Mitchell "instituted or continued a proceeding" against appellee. Officer Williams testified that no one associated with Wal-Mart asked her to *arrest* appellee. In fact, both officers testified that appellee would not have been arrested but for appellee's conduct. Moreover, appellee presented no proof that appellant filed charges or "instituted or continued a proceeding" against her.

Appellee also failed to prove the absence of probable cause. In malicious-prosecution cases, the test for determining probable cause is an objective one based not upon the accused's actual guilt, but upon the existence of facts or credible information that would induce a person of ordinary caution to believe the accused to be guilty. *Wal-Mart Stores, Inc. v. Williams*, 71 Ark. App. 211, 29

S.W.3d 754 (2000). Here, the Texarkana police accused appellee of criminal trespass, loitering, and resisting arrest. I do not believe that appellee proved that probable cause did not exist in support of the charges of criminal trespass and resisting arrest.

Officer Sanders repeatedly asked appellee to leave the Wal-Mart store, but appellee refused. According to Ark. Code Ann. § 4-70-101 (Repl. 1996), a business has the right to select customers and the power to refuse service to any person. Subsection (c) of that statute imposes a penalty upon persons who are requested to leave a place of business and who after having been so requested, refuse to leave. Here, Officers Sanders and Williams had probable cause to believe that appellee was violating this statute and criminally trespassing when she refused to leave the Wal-Mart store. Thus, appellee did not prove the absence of probable cause for the proceeding.

Next, there was ample evidence that appellee resisted arrest. Officer Williams was only able to place handcuffs on one hand of appellee because she was "hanging on to the lay-away counter." Furthermore, appellee hit Officer Williams on the chest and arms during the arrest. Officer Sanders also stated that appellee refused to let him handcuff her, and that he had to put her in a "grip" using his police baton and removed her from the store using that instrumentality.

The fourth element of a malicious-prosecution claim, malice, is also not present in this case. The trial court believed that Mitchell told the officers to have appellee removed from the store. As store manager, Mitchell was entitled to determine who was present in the Wal-Mart store. Appellee had no legal right to stay in the store after the police asked her to leave pursuant to Mitchell's instructions. I do not believe that Mitchell's conduct was sufficient to establish malice. Arkansas Code Annotated § 4-70-101(c) empowered Mitchell to request that appellee be removed from the store. Thus, Mitchell's actions cannot be categorized as malicious. Moreover, appellee had every opportunity to speak to the police, explain the situation, cooperate with them, and leave the store. Wal-Mart cannot be held responsible for appellee's noncompliance with the officers. Ultimately, the evidence presented by appellee in this case does not establish a claim for malicious prosecution because the evidence fails to support three of the requisite elements.

ROBBINS, J., joins.