Michael Patrick SUNDEEN *v.* KROGER and Jerry Hart

CA 02-575                                                     101 S.W.3d 891

Court of Appeals of Arkansas
Division III
Opinion delivered April 9, 2003

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Michael J. Emerson* and *Cynthia J. Worthing*, for appellees.

OLLY NEAL, Judge. Michael Sundeen appeals the Pulaski County Circuit Court's grant of summary judgment in favor of the Kroger and Jerry Hart, a Kroger employee (Kroger).[1] Sundeen sued Kroger for malicious prosecution and abuse of process following the State's nolle prosse of criminal charges alleging that Sundeen had obstructed governmental operations and attempted to influence a governmental official, arising from an incident at a Kroger Store. On appeal, Sundeen alleges that the court erred in granting summary judgment on both causes of action and that genuine issues of material fact exist with respect to each cause. We conclude that there was no error and therefore affirm.

The incident leading to the charges against Sundeen occurred on December 21, 1999. While shopping in a Kroger store, Sundeen asked Angela Bryant, a Kroger employee, where he could find the marshmallows. It is disputed as to whether Sundeen was rude to Baker or whether Baker was rude to Sundeen. Sundeen was not pleased with Baker's reply, so he went to lodge a complaint at the customer-service desk. Meanwhile, Baker informed Jerry Hart that she was having a problem with Sundeen. Hart then approached Sundeen while he was standing in line at the customer-service desk, and Sundeen initially ignored him. Hart identified himself as a police officer. Hart asked Sundeen if he could talk to him. When Sundeen became argumentative, Hart grabbed Sundeen by the arm and escorted him to the security office. In the office, Hart informed Sundeen that he had received a complaint about him from Baker. Hart subsequently placed Sundeen under arrest for obstructing governmental operations and attempting to influence a governmental official.

---

[1] Hart was an off-duty Little Rock police officer subcontracted to provide security for Kroger. He received compensation from Kroger.

A trial before a special judge was held on March 29, 2000, in municipal court. At the trial, Jerry Hart testified that at the time of the incident he was working as a plainclothes security officer but that he also worked as a patrolman for the Little Rock Police Department. He also testified that despite being paid by Kroger, he was obliged to follow the rules and regulations of the police department. He stated that when he approached Sundeen, he was investigating Sundeen on allegations of criminal harassment. He testified that in the security office he told Sundeen "that because of his actions out on the floor that he was also under arrest for obstructing governmental operations and I was charging him with that because he was hindering my investigation on a problem that was presented to me that was [of] a criminal nature." Hart stated that upon being told he was under arrest for obstruction, Sundeen threatened to call his lawyer and Hart's supervisor and have Hart's "job taken." Hart testified that "me, fearing economic reappraisal [sic], then arrested Mr. Sundeen for attempting to influence governmental operations." The municipal court found Sundeen guilty on both charges. However, upon appeal to circuit court, the State nolle prossed the charges.

Subsequently, on January 19, 2001, Sundeen filed suit, alleging malicious prosecution and abuse of process. Kroger filed a motion for summary judgment on October 19, 2001. In the motion, Kroger asserted that Sundeen (1) could not prove all the elements necessary to prevail in a claim of malicious prosecution, and (2) could not prevail on his claim of abuse of process because he could not prove judicial process was used to extort or coerce. In addition, both parties submitted a transcript of Sundeen's trial in municipal court. On February 25, 2002, the court entered an order granting Kroger's motion for summary judgment. In the order, the court stated that it found probable cause for Sundeen's arrest and prosecution for obstructing governmental operations and attempting to influence a public official; therefore, his malicious-prosecution claim failed. The court also found that Sundeen's abuse-of-process claim failed because he had not submitted any evidence that Kroger was guilty of malice or committed any improper act after his arrest and the initiation of criminal proceedings. From that order comes this appeal.

Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Brown v. Fountain Hill School Dist.*, 67 Ark. App.

358, 1 S.W.3d 27 (1999). The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Palmer v. Council on Economic Educ.*, 344 Ark. 461, 40 S.W.3d 784 (2001). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Brown v. Fountain Hill School Dist., supra.* On review, the appellate court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.*

██ To succeed on his claim of malicious prosecution, appellant had to establish the following: (1) an earlier proceeding instituted or continued by the appellee against the appellant; (2) termination of the proceeding in favor of the appellant; (3) absence of probable cause for the proceeding; (4) malice on the part of the appellee; and (5) damages. *Wal-Mart Stores, Inc. v. Thomas*, 76 Ark. App. 33, 61 S.W.3d 844 (2001).

██ ██ In the context of malicious prosecution, the term "probable cause" is defined as a state of facts or credible information which would induce an ordinarily cautious person to believe that the accused is guilty of the crimes charged. *Id.* Ordinary caution is a standard of reasonableness that presents an issue for the jury when the proof is in dispute or is subject to different interpretations. *Wal-Mart Stores, Inc. v. Williams*, 71 Ark. App. 211, 29 S.W.3d 754 (2000). The existence of probable cause is determined by an examination of the information known to the defendant at the time the proceedings were instituted. *Id.* Where a defendant relied on an eyewitness statement, but was also in possession of contradictory facts, the jury should be allowed to consider all the evidence available to the defendant to determine if ordinary caution was exercised in bringing the charges. *Id.*

██ Sundeen argues that the trial court erred in ruling that probable cause existed for his arrest. He specifically asserts that the trial court erred in considering the criminal conviction in municipal court in ruling that there was probable cause. We disagree. In *Kansas & Texas Coal Co. v. Galloway*, 71 Ark. 351, 74 S.W. 521 (1903), our supreme court held:

> The inquiry is not as to the facts which constitute the defendant in the former proceeding guilty or innocent, but, rather, what was said by witnesses in the former proceeding, which, it is to be presumed, determined whether or not there was probable cause for the prosecution, not that the defendants were guilty or innocent, for the rule is that, while the defendant in the former proceeding may have been found innocent and acquitted, yet that does not show a want of probable cause in the prosecution; it being not conclusive of anything as against the prosecutor, but a mere circumstance which, taken along with others, may induce the jury to find that there was a want of probable cause, and also that there was malice. The rule is quite different if the defendant in the prosecution is found guilty, for that is conclusive of the fact that there was probable and reasonable cause for the prosecution.

*Id.* at 358, 74 S.W. at 524; *see also McNeal v. Millar*, 143 Ark. 253, 220 S.W. 62 (1920). In *Casey v. Dorr*, 94 Ark. 433, 127 S.W. 708 (1910), the court went on to say that:

> The rule seems to be established by the weight of authority that a judgment of conviction by a court of competent jurisdiction is conclusive evidence of the existence of probable cause, even though the judgment [is] subsequently reversed and set aside, unless it be shown that the judgment was procured by fraud or undue means.

*Id.* at 436, 127 S.W. at 709; *see also Alexander v. Laman*, 225 Ark. 498, 283 S.W.2d 345 (1955); *Freeman v. Allen*, 193 Ark. 432, 100 S.W.2d 679 (1937).

■ ■ Here, the municipal court found Sundeen guilty of obstructing governmental operations and attempting to influence a public official. However, upon appeal to the circuit court, the State nolle prossed the charges. While it is true that the entry of a nolle prosse is a sufficiently favorable termination, *see Crockett Motor Sales, Inc. v. London*, 283 Ark. 106, 671 S.W.2d 187 (1984), the entry of a nolle prosse does not preclude a finding of probable cause to arrest. Based on the municipal court's determination of guilt, we hold that there was probable cause to arrest Sundeen for obstructing governmental operations and attempting to influence a public official. Therefore, the grant of summary judgment as to Sundeen's malicious-prosecution claim was proper.

■ In order to prevail on his abuse-of-process claim, Sundeen had to show the following: (1) a legal procedure set in motion in proper form, even with probable cause and ultimate success; (2) the procedure is perverted to accomplish an ulterior pur-

pose for which it was not designed; and (3) a willful act is perpetrated in the use of process which is not proper in the regular conduct of the proceeding. *South Arkansas Petroleum v. Schiesser*, 343 Ark. 492, 36 S.W.3d 317 (2001). The test is whether a judicial process is used to extort or coerce. *See id.* The key to the tort is the improper use of process after its issuance in order to accomplish a purpose for which the process was not designed. *Id.* Thus, it is the purpose for which the process is used, once issued, that is important in reaching a conclusion. *Id.* Examples of misuse of process that have been found to constitute the tort of abuse of process are the service of an arrest warrant; delivery of an order to a sheriff for execution; personal service procured by fraud; or attachment or garnishment for a greatly excessive amount. *Carmical v. McAfee*, 68 Ark. App. 313, 7 S.W.3d 350 (1999). Sundeen failed to establish that Kroger instituted judicial process as a means of coercion or extortion. Therefore, we conclude that the court's grant of summary judgment as to Sundeen's abuse-of-process claim was proper.

Affirmed.

GLADWIN, J., agrees.

BAKER, J., concurs.

KAREN R. BAKER, Judge, concurring. I concur with this decision because we are bound by precedent to conclude that the district court's conviction of Mr. Sundeen required that the trial court also find that probable cause existed for the institution of the proceedings. I write separately to emphasize that the cases which are directly on point, and which we are bound to follow, contradict the purpose of *de novo* review by the circuit court and result in the anomaly of one circuit court being bound by a lower court's ruling. It is a situation which the supreme court should review and resolve.

*De novo* review provides due process and other procedural safeguards to an accused. "Trial *de novo*" means "as though there had been no trial in the lower court." *Harrell v. City of Conway*, 296 Ark. 247, 753 S.W.2d 542 (1988). The applicable statute provides for an appeal to circuit court, where the accused is entitled to an entirely new trial, "as if no judgment had been rendered" in municipal court. *Griffin v. State*, 297 Ark. 208, 209, 760 S.W.2d 852, 853 (1988); Ark. Code Ann. § 16-96-507 (Repl. 1999).

Appellate jurisdiction of circuit courts with respect to appeals from municipal courts is governed by Ark. Code Ann. § 16-19-1105 (1987). *Johnson v. State*, 312 Ark. 38, 846 S.W.2d 662 (1993). Although § 16-19-1105 addresses appeals from the decisions of justices of the peace, the statute applies to municipal court misdemeanor convictions. *Johnson, supra; Casoli v. State*, 297 Ark. 491, 763 S.W.2d 650 (1989). The statute provides in part:

> (a) Upon the return of the justice of the peace being filed in the clerk's office, the court shall be in possession of the cause and shall proceed to hear, try, and determine the cause anew on its merits, without any regard to any error, defect, or other imperfection in the proceedings of the justice of the peace.
>
> (b) The same cause of action, and no other, that was tried before the justice of the peace shall be tried in the circuit court upon the appeal. . . .

Ark. Code Ann. § 16-19-1105 (Repl. 1999).

The trial in the circuit court is not to be influenced or affected by what occurred in the municipal court. *Bussey v. State*, 315 Ark. 292, 867 S.W.2d 433 (1993). Even a defendant who has pled guilty or otherwise agreed to judgment in a lower court may subsequently appeal and retry the issue of liability in circuit court:

> We are convinced that it is indeed illogical to provide for a complete retrial of municipal court judgments entered pursuant to pleas of guilty, by consent or confession or by default, if the issue of liability cannot also be retried. The constitutional guarantee of a jury trial would be meaningless in those appeals involving a sum certain if the defaulting defendant is not allowed to deny liability on de novo review.

*Murdock v. Slater*, 326 Ark. 1067, 1073, 935 S.W.2d 540, 543 (1996).

The presumption we must follow when analyzing whether probable cause existed to institute proceedings against Mr. Sundeen deviates from the express purpose of *de novo* review: to conduct a trial as though there had been no trial in the lower court. *See Bussey, supra.* Our application of the presumption directly contradicts the principle that a trial in the circuit court is not to be influenced or affected by what occurred in the municipal court. *See Bussey, supra.* The application of the presumption denies Mr. Sundeen's due process rights by denying him judicial review. Despite these contradictions, we have precedent we our bound to follow.

Accordingly, I concur.